**FILED**

APR 1 4 2014

Clerk, U.S. District and
Bankruptcy Courts

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GREGORY TAYLOR,                        )
                                       )
        Plaintiff,                  )
                                       )
    v.                             )    Civil Action No. *14-284*
                                       )
UNITED STATES DISTRICT COURT,          )
                                       )
        Defendant.                  )

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application, and dismiss the complaint.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff, who currently is incarcerated at the McDowell Federal Correctional Institution in Welch, West Virginia, demands the return of personal property. *See* Compl. at 2, 5. The complaint neither states a basis for the Court's jurisdiction, includes a short and plain statement of plaintiff's entitlement to relief, describes the circumstances under which his property was taken, nor identifies the party or parties responsible. As drafted, the complaint fails to comply with Rule 8(a), and it therefore will be dismissed. *See, e.g., Cofield v. Williams*, No. 96-5072, 1997 WL 68271, at *1 (D.D. Cir. Jan. 15, 1997) (affirming dismissal of "[a]ppellant's complaint and various pleadings [which] fail to provide sufficient information for appellees or the court to discern what appellees allegedly did wrong"); *Poblete v. Goldberg*, 680 F. Supp. 2d 18, 20-21 (D.D.C. 2009) (dismissing complaint that "lacks essential elements such as a description of the alleged transactions, identifications of parties involved, and the dates and places of key events" for its failure to comply with Rule 8(a)).

An Order consistent with this Memorandum Opinion is issued separately.

Rosemary M Collyer
United States District Judge

DATE: 7 April 2014